## MAY v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Lucas Co

No 2966. Decided Nov 5, 1934

order as might be appealed from because no application was made for a rehearing thereon as the law provides.

We have not before us the applications for modification of award made to the Commission, but since in the petition as well as in the bill of exceptions it is stated as to the application merely that "May filed an application for modification of award" this court must assume that each of them was "just what it was labelled" and "that it was so considered and treated by all parties is also apparent."

In our judgment it does not appear that the Commission's denial was based upon a finding that it had no jurisdiction of the claim of May to further compensation and no authority to inquire into the extent of his disability or the amount of compensation, and since there is no presumption that a finding of the Commission denying the right to continue to receive compensation is based upon jurisdictional grounds, the judgment of the Court of Common Pleas is affirmed. **State ex Depalo v Industrial Commission, 128 Oh St, 410.**

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur.

## OPINION

By LLOYD, J.

Our conclusion is that the order of September 11, 1930, was a final order, and no appeal having been taken therefrom none could be taken from the subsequent order of April 27, 1933, which involved and related to the identical request for modification of the award made by the application of July 11, 1930.

As we construe the order of September 11, 1930, it is not a denial of jurisdiction but, on the contrary, affirmatively shows that the commission assumed jurisdiction and dismissed the application of May because in its judgment he was not entitled to further compensation, and if we were to assume that it was not such a final order as would preclude the filing of the application of April 10, 1933, then there could be no appeal from the order made on April 27, 1933, if that were considered such an